NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FANNY B. ZEMEL, PETITIONER, v. THORNBY REALTY
CO., INC., RESPONDENT.

Decided August 6, 1941.

For the petitioner, *Edward J. O'Brien.*

For the respondent, *Edward Keubler.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

The petitioner alleges that she is the wife and a dependent of the decedent, Meyer Zemel, who was employed by the respondent on April 5th, 1940, as a rent collector and manager of a gasoline station. On that day, while performing his duties as manager of the gasoline station he was fatally wounded during a holdup.

The petitioner testified in her own behalf regarding her marriage and dependency and she called as witnesses her son, Louis Zemel, Police Officers Riker and Schimpf and Harold Feurerstock.

Louis Zemel testified that he was president of the respondent company and that on the day on which the decedent was shot he was employed by the respondent as a rent collector and manager of the gas station. Louis Zemel testified that the decedent, his father, was the rent collector for the Thornby Realty Company which was running the gas station. He testified that the decedent was the day manager of the gasoline station run by the Thornby Realty Company, and

that the decedent's $50 a week salary was paid to him and earmarked from the money of the gas station in question. He testified that his father, the decedent, opened the station at about five in the morning until about seven o'clock when the men came on and that thereafter he was around the station doing various jobs throughout the day. He testified that he, the witness, came there in the evening and assisted there in the evening. Louis Zemel testified that the Thornby Realty Company had to take over the gas station approximately 1934, and they have been operating it ever since. He further stated his father worked around the station approximately twelve hours a day, on the average, and that he had a social security number which he got from paying social security benefits as an active employee of the Thornby Realty Company. The social security number was offered in evidence and marked as an exhibit on behalf of the petitioner. The various books and records of the respondent which were produced by this witness and offered in evidence bore out his statement and the fact that the decedent was paid a salary of $50 a week on which social security benefits were paid.

Harold Feurerstock testified on behalf of the petitioner that he was employed at the gas station and that on April 5th, 1940, and for a long time prior thereto the decedent had been the manager of the station.

Officers Riker and Schimpf testified on behalf of the petitioner regarding the circumstances in which they found the decedent after the holdup. They testified that they arrived at the scene shortly after the holdup and found the decedent in the station doorway where he had been shot during the holdup when the burglar attempted to rob the station.

The respondent offered as a witness one Martin Garret, connected with the Maryland Casualty Company, the insurance carrier for the respondent, in an endeavor to show that decedent was an inactive officer associated with the respondent, that he had gotten such an impression. There was no evidence on behalf of the respondent produced to show that the decedent was not in fact the rent collector and gas station manager of the gas station operated by the Thornby Realty Company, or that he had not received $50 a week as such

manager of the gas station, earmarked from the funds of the gas station, at the time of his death and for some time prior thereto.

The greater weight of the testimony discloses that the petitioner has sustained the burden of proving that the decedent, Meyer Zemel, was on April 5th, 1940, employed by the respondent as manager of its gas station at 636 Springfield avenue, Newark, New Jersey, at a salary of $50 per week; that on the aforementioned date a holdup occurred during which the decedent was shot and from which wounds he subsequently died; that the said holdup and shooting and the resulting injuries and death were the result of an accident arising out of and in the course of decedent's employment with the respondent.

\*    \*    \*    \*    \*    \*    \*

JOHN C. WEGNER,
*Deputy Commissioner.*